**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **JOSEPHINA YBARRA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:08-CV-095-C |
| | § | ECF |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | Assigned to United States |
| Defendant. | § | Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed August 15, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on January 15, 2009, and Defendant filed a brief on February 9, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on March 15, 2008 (Doc.6), and October 29, 2008 (Doc. 21. This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

**I.   STATEMENT OF THE CASE**

Plaintiff filed an application for SSI benefits on September 9, 2005, with a protective filing date of September 1, 2005, alleging disability beginning September 1, 2005. Tr. 10. Plaintiff's application was denied initially and upon reconsideration. Tr. 10, 20-24, 27-30. Plaintiff filed a

Request for Hearing by Administrative Law Judge on September 15, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on March 26, 2007. Tr. 10, 492-531. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 495-520. Dr. Ollie D. Raulston, Jr., a medical expert ("ME"), and Carol S. Bennett, a vocational expert ("VE"), appeared and testified as well. Tr. 520-29. The ALJ issued a decision unfavorable to Plaintiff on May 21, 2007. Tr. 7-17.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since September 1, 2005. Tr. 15. Plaintiff has "severe" impairments, including recurrent bilateral carpal tunnel syndrome, status-post repeat release procedures, reflex sympathetic dystrophy, dysthymia, and a personality disorder, not otherwise specified. Tr. 11, 15. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 15-16. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 12.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 16.

The ALJ found that Plaintiff had no past relevant work. Tr. 10, 16. He noted that Plaintiff was considered a "younger individual" with a limited ninth-grade education. 20 C.F.R. §§ 416.963, 416.964; Tr. 16.

The ALJ found that Plaintiff retained the RFC to perform the requirements of a modified range of relatively less strenuous light work duties, with the following limitations: lifting no more than twenty pounds at a time with frequent lifting of up to ten pounds; standing/walking, off and on, for total of six hours out of an 8-hour workday; frequently lifting/carrying items up to five pounds and occasionally lifting/carrying items up to ten pounds; no working at heights or around hazardous moving machinery, no exposure to extreme cold; no use of vibrating tools; occasional climbing, crouching, kneeling, balancing, and stooping, but no crawling; and occasional handling and fingering with both hands. Tr. 13, 16. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 15. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of surveillance system monitor, with 2,000 jobs in Texas and 40,000 jobs nationally. Tr. 15-16. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 15, 17.

Plaintiff submitted a Request for Review of Hearing Decision/Order on July 19, 2007. Tr. 6. The Appeals Council denied Plaintiff's request and issued its opinion on June 18, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 3-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On August 15, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

 In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 15, 17.

### III. DISCUSSION

Plaintiff claims that the ALJ's finding that Plaintiff retains the ability to perform work existing in significant numbers in the national economy is not supported by substantial evidence and that the ALJ failed to his carry his burden at step 5 of the sequential evaluation process. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The record demonstrates that the ALJ relied upon the testimony of the VE in finding at step 5 that Plaintiff retained the RFC to perform work which exists in the economy in substantial numbers. The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy. *Masterson*, 309 F.3d at 272; *Newton*, 209 F.3d at 453. Once the Commissioner makes this showing, the burden shifts back to the claimant at the step 5 finding. *Newton*, 209 F.3d at 453. The ALJ supported his determination at step 5 by relying upon the testimony of the VE.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170. The ALJ is not required to incorporate limitations into the hypothetical questions presented to the

VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). This Ruling notes that neither the Dictionary of Occupational Titles ("DOT")[1] nor evidence from a VE "trumps" the other. *Id.* Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Id.* SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." This ruling also requires the ALJ to ask about any possible conflicts between the testimony of the VE and the information provided in the DOT. *Id.* The Social Security Administration has taken "administrative notice" of the DOT. *See* 20 C.F.R. § 416.966(d)(1). However, the Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (citing *Fields,* 805 F.2d at 1171).

The ALJ found that Plaintiff could perform the work of surveillance systems monitor. Tr. 16. The ALJ elicited testimony from the VE regarding the jobs that a person with Plaintiff's RFC and vocational history could perform. The ALJ included a limitation to work at the "lower end of detailed work instructions" in his RFC and in his hypothetical question. Tr. 525. The VE testified that a single job, surveillance system monitor, was available at the sedentary level, rather than at the

---

[1] *See* United States Dept. of Labor, Employment & Training Admin., *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT").

light exertional level. *Id*. The VE testified that the jobs have "changed to require more in the terms of low level skills." Tr. 528. Plaintiff's attorney asked the VE whether someone who is reduced to the lower end of detailed work would fit into the reasoning level of this job, a reasoning level of three. Tr. 529. The VE testified that this generally requires average reasoning and that high school is usually a requirement. *Id*. Plaintiff's attorney asked "[i]f someone were reduced to lower end of detail[ed work], would that reduce the number of the jobs." *Id*. The VE testified that if she interpreted that to mean a reasoning level of two, then the number of jobs would be reduced. *Id*.

The VE had indicated that there were at least 40,000 surveillance system monitor jobs in the United States and at least 2,000 in Texas, but she did not indicate the degree to which the number of jobs would be reduced given the limitation to work at the lower end of detailed. It is therefore not clear from the record whether such jobs in fact exist in substantial numbers given the specific limitations incorporated by the ALJ into the RFC finding. The ALJ relied on only a portion of the VE testimony which did not indicate the number of jobs for someone limited to the lower end of detailed instructions. Therefore, such testimony does not constitute substantial evidence to support the ALJ's step 5 finding or to carry the burden placed on the Commissioner at step 5. The court thus finds that the ALJ's step 5 determination that Plaintiff retained the RFC to perform other work which exists in significant numbers in the economy and his decision are not supported by substantial evidence in the record. This case should be remanded for further administrative action.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision should be reversed and that this case should be remanded for further proceedings.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for SSI benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand, the ALJ should further consider whether Plaintiff retains the RFC to perform work which exists in significant numbers in the national economy.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 25th day of September, 2009.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**